IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRIPLE D SUPPLY, LLC, and
DON DOAK,

        Plaintiffs,

v.                                        CV 13-655 GBW/WPL

PILOT CORPORATION,
PILOT TRAVEL CENTERS, LLC,

        Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO STAY**

Pilot Corporation and Pilot Travel Centers, LLC (collectively "Pilot") have moved for a stay of proceedings in this case. (Doc. 13.)  First, Pilot argues that the instant action should be stayed because a preliminarily approved Global Settlement may resolve the claims brought by Triple D Supply and Don Doak (collectively "Triple D"). (*Id.* at 5-6.) Second, Pilot argues that the case should be stayed pending a Judicial Panel on Multidistrict Litigation ("JPML") decision whether to consolidate and transfer this action pursuant to 28 U.S.C. § 1407. (*Id.* at 9.) Pilot claims that staying the case pending this decision would avoid duplicative proceedings, inconsistent rulings, and the waste of resources. (*Id.*) Third, Pilot argues that ongoing federal criminal investigations related to the instant case also support a temporary stay. (*Id.* at 12.)

Triple D opposes this motion for several reasons. First, Triple D argues that it has examined the Global Settlement and is in the process of opting out. (Doc. 24 at 1.) Second, Triple D claims that its cause of action is "separate and distinct" from those in the proceedings presently pending before the JPML, and, furthermore, that the consolidation basis for the stay is

now moot. (*Id.*) Finally, Triple D argues that it has no connections to the pending criminal investigation. (*Id.* at 2.) Having considered the filings and the relevant law, I conclude that a stay of proceedings in this action is warranted and that Pilot's motion should be granted.

**BACKGROUND**

This lawsuit concerns a diesel fuel sale arrangement in which Pilot agreed to sell diesel fuel using its best pricing, discounts, and rebates to Triple D in exchange for Triple D purchasing most of its fuel from Pilot. (Doc. 2 Ex. 1 at 2.) Pilot claimed that its discounts would exceed the discounts offered by other fuel suppliers. (*Id.*) From 1995 through May 2013, Triple D purchased approximately ninety-five percent of its fuel from Pilot. (*Id.* at 3.) During this time, Triple D and Pilot maintained regular communications, and Pilot represented that Triple D was receiving the largest discounts/rebates and best promotional prices available on the market. (*Id.*) Triple D alleges that Pilot intentionally provided smaller rebates to Triple D than those owed, failed to apply promised discounts, and withheld cost information that would have helped Triple D corroborate the rebates and discounts. (*Id.* at 3-4.) Triple D alleges five causes of action against Pilot: 1) fraud, 2) unfair trade practices, 3) breach of contract, 4) breach of covenant of good faith and fair dealing, and 5) intentional infliction of emotion distress. (*Id.* at 5-9.)

Pilot has been sued in twenty-two related civil actions ("Pilot Actions"), each containing similar allegations pertaining to the withholding of rebates and discounts on fuel purchases. (Doc. 13 at 2.) In addition, there is an early-stage, ongoing federal criminal investigation regarding Pilot's activities, in which some Pilot employees have already been charged. (Doc. 13 at 4, 12.) On July 16, 2013, Judge James A. Moody of the United States District Court for the Eastern District of Arkansas preliminarily approved a "Global Settlement" reached between Pilot and a group of the plaintiffs in the civil Pilot Actions. (*Id.* at 2.) For those parties who do not opt

out, the Global Settlement would resolve all claims relating to the provision of diesel rebates and discounts. (*Id.*) A fairness hearing on the Global Settlement is scheduled for November 25, 2013. (*Id.*) After the fairness hearing, any parties not covered by the settlement and those who choose to opt out might have their cases consolidated by the JPML. (Doc. 25 Ex. 1 at 3.)

The JPML addressed a motion to consolidate and transfer cases, including the instant action, at the same time that the Global Settlement was being devised. (*See* Doc. 25 Ex. 1 at 2.) Because of the pending Global Settlement, the JPML denied the motion, finding that "centralization at this time will not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation." (*Id.*) However, the JPML suggested that it would be able to determine whether consolidation would be beneficial if and after the Global Settlement is approved on November 25, 2013. (*Id.* at 3.)

## DISCUSSION

"[T]he district court has the power . . . to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'" *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). Accordingly, the decision to issue a stay rests within the sound discretion of the trial court, which must balance the competing interests of the litigants. *See Landis*, 299 U.S. at 254-55; *cf. Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Factors such as judicial economy and efficiency, the interests of persons not parties to the lawsuit, and public interest may also be relevant to a court's decision to grant or deny a stay. *See Carrillo v. Hickenlooper*, Civ. A. No. 12-cv-2034-WJM-MEH, 2013 WL 444421, at *1-2 (D. Colo. Feb. 4, 2013) (unpublished) (citations omitted); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Kozeny*, 115 F. Supp. 2d 1243, 1247 (D. Colo. 2000)

(considering similar factors in granting a stay where the parties pursued parallel litigation in London), *aff'd sub nom. In re Kozeny*, 236 F.3d 615 (10th Cir. 2000).

In certain circumstances, granting a stay where there is pending litigation before the JPML may be appropriate. In the District of New Mexico, the court addressed whether to grant a stay pending a jurisdictional decision by the JPML. *See N.M. State Inv. Council v. Alexander*, 317 B.R. 440 (D.N.M. 2004). The court granted the stay, finding that "[i]n the absence of any demonstrable prejudice to Plaintiffs, a brief stay is appropriate to further the interests of judicial economy and to avoid inconsistent rulings." *Id.* at 446. Where a stay is not warranted, courts are mandated to move cases forward in an expeditious manner. *See* 28 U.S.C. § 473(a)(2)(B) (compelling district courts in most cases to set deadlines for discovery and motions and to set "early, firm trial dates" so that delays in litigation may be reduced); *cf.* D.N.M.LR-Civ. 41.1 (providing that the Court may dismiss a civil action if no steps are taken to move the case forward within ninety calendar days).

Pilot requests that I temporarily stay proceedings pending final approval of the Global Settlement. (Doc. 13 at 1.) Triple D responds that it is "in the process of electing out" of the Global Settlement. (Doc. 24 at 1.) Pilot does not further discuss this argument in its reply. (*See* Doc. 25.) Because this argument is now moot, I deny the motion to stay on Global Settlement grounds.

Second, Pilot argues that I should grant its motion to stay pending a decision by the JPML as to the consolidation of this case with other related actions. (Doc. 13 at 1.) Triple D responds that this basis for stay is now moot as a result of the JPML's Order Denying Transfer. (Doc. 24 at 1; Doc. 25 Ex. 1.) Furthermore, Triple D claims that its cause of action is "separate and distinct" from the other proceedings currently pending determination by the JPML. (Doc. 24

4

at 1.) Pilot replies that the JPML found in its Order Denying Transfer that the instant action and others pending before the JPML "involve common questions of fact." (Doc. 25 at 3; Doc. 25 Ex. 1 at 1.) In addition, Pilot argues that the JPML merely denied the motion to transfer as premature, leaving the possibility that cases not resolved by the Global Settlement could be consolidated. (Doc. 25 at 2.)

I do not find that the JPML basis for a stay is now moot. Rather, the JPML order defers any consolidation "[u]ntil the Eastern District of Arkansas conducts its fairness hearing and issues a final approval or disapproval of the settlement," explaining that "[i]t is not possible to predict the contours of the litigation, and whether centralization will be beneficial, if and after the settlement is granted final approval." (*See* Doc. 25 Ex. 1.) I find it appropriate to grant the motion to stay "to further the interests of judicial economy and to avoid inconsistent rulings." *See Alexander*, 317 B.R. at 446. In addition, Triple D has failed to demonstrate that a brief stay will cause it prejudice. Accordingly, I grant Pilot's motion to stay until such date after November 25, 2013, that it is determined whether the instant action will be consolidated by the JPML.

Third, Pilot argues that "[t]he ongoing federal criminal investigation into the allegations underlying Plaintiff's claims also weighs in favor of a temporary stay." (Doc. 13 at 12.) Pilot cites case law from various federal districts that asserts the Court's authority to use discretion to determine whether to grant a stay in a civil case while a criminal investigation is pending. (*See id.* at 12-14; Doc. 25 at 3-5.) Pilot claims that it will be prejudiced in the instant case if witnesses are unavailable due to the invocation of their Fifth Amendment rights. (*Id.* at 13.) On the other hand, Triple D claims that it has no connections to the pending criminal investigation, nor to the individuals involved. (Doc. 24 at 2.) Pilot refutes this claim, stating that the criminal investigations are based on the same allegations as those in the civil lawsuits. (Doc. 25 at 3.)

While Pilot provides ample support for the proposition that I have the authority to grant a stay pending the completion of a criminal investigation, it does not include sufficient details regarding the procedural and substantive postures of the criminal cases for me to be able to analyze whether a stay is indeed warranted. I therefore deny Pilot's motion to stay on the basis of pending criminal investigations.

CONCLUSION

I GRANT Pilot's motion to stay only on the basis of pending JPML proceedings. I will hold periodic status conferences after the Global Settlement fairness hearing in order to be apprised of the status of said proceedings.

IT IS SO ORDERED.


William P. Lynch
United States Magistrate Judge